IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENEE BANKS and LAKEESHA PAYLOR, on behalf of themselves and all others similarly situated, | CIVIL ACTION NO. |
| Plaintiffs, | CLASS ACTION |
| v. | |
| GATEWAY GROUP ONE, INC., GATEWAY SECURITY, INC. and GATEWAY FRONTLINE SERVICES INC. | |
| Defendants. | |

**CLASS ACTION COMPLAINT**

Renee Banks and Lakeesha Paylor, on behalf of themselves and all others similarly situated, for their Class Action Complaint against Defendants Gateway Group One, Inc., Gateway Security, Inc. and Gateway Frontline Services Inc. (collectively "Gateway") allege as follows:

**NATURE OF THE CASE**

1. Plaintiffs bring this action as a Class Action pursuant to Rules 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who are or were participants in or beneficiaries of the Gateway Security Employee Welfare Plan (the "Plan") during the period from June 2016 through April 2017.

2. As of June 2016, Banks and Paylor were employed by Gateway as customer service representatives.

19194056v.1

3. As of June 2016, Plaintiffs and members of the Class were enrolled in the Plan, which was offered by Gateway through Colonial Life & Accident Life Insurance Co. or an affiliated entity ("Colonial").

4. Beginning in June 2016, Gateway withheld the amount of Plan premiums from Plaintiffs' wages and those of the Class members, and were obligated to pay the insurance premiums to Colonial, but failed to pay the premiums to Colonial.

5. Unbeknownst to Plaintiffs and the Class members, their insurance coverage with Colonial lapsed, even though Gateway continued to withhold the amount of premiums due.

**PARTIES**

6. Plaintiff Banks is an adult individual who resides at 149 Columbia Avenue, Apt. 2, Newark, NJ 07106.

7. Plaintiff Paylor is an adult individual who resides at 350 South 7th Street, Newark, NJ 07103.

8. Defendant Gateway Group One, Inc. is a New Jersey corporation with its principal place of business located at 604-608 Market Street, Newark, NJ 07105.

9. Defendant Gateway Security, Inc. is a New Jersey corporation with its principal place of business located at 604-608 Market Street, Newark, NJ 07105.

10. Defendant Gateway Frontline Services Inc. is a New Jersey corporation with its principal place of business located at 604-608 Market Street, Newark, NJ 07105.

11. At all times material hereto, Plaintiffs and all other Class members were employees of one of the Gateway entities identified in Paragraphs 8-10.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1).

13. Venue is properly laid in this district pursuant to 29 U.S.C. § 1132(e)(2) because the administration of the Plan occurred in this district, the premium payments were withheld in this district, and Gateway may be found in this district.

## CLASS ACTION ALLEGATIONS

14. Banks and Paylor bring this action as a Class Action pursuant to Rules 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of persons who, during the period from June 2016 through April 2017, believed based on wage deductions that they were insured by Colonial.

15. The class consists of at least forty (40) Gateway employees.

16. Plaintiffs will fairly and adequately protect the interests of the members of the Class and retained competent and experienced counsel. Plaintiffs have no interests that are adverse or antagonistic to those of the Class.

17. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to individually seek redress for the wrongful conduct alleged herein.

18. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

  a. Whether Gateway violated ERISA by its acts and omissions, as alleged herein;

  b. Whether Gateway breached fiduciary duties owed to Plaintiffs and the members of the Class by withholding sums intended to pay Colonial premiums without using the sums to pay the premiums; and

      c.    Whether Plaintiffs and members of the Class sustained injury by reason of Gateway's actions and omissions.

19.    Plaintiffs envision no difficulty in the management of this litigation as a Class Action.

## COUNT I
## VIOLATION OF ERISA § 502(a)(1)(B)

20.    Plaintiffs incorporate each and every allegation of Paragraphs 1 through 19 above as if stated at length herein.

21.    Plaintiffs assert this Count I for themselves and on behalf of the members of the Class.

22.    ERISA § 502(a)(1)(B) authorizes a plan participant to bring a civil action to enforce rights under the terms of an employee benefit plan.

23.    Gateway, by reason of its conduct in withholding sums for insurance premium payments to Colonial, and failing to make premium payments to Colonial, violated ERISA, and Plaintiffs and the Class members are entitled to relief.

24.    Plaintiffs and members of the Class were damaged by loss of their coverage with Colonial, and loss of the premiums paid for the Colonial coverage.

WHEREFORE, Plaintiffs, on behalf of themselves and all member of the Class, demand judgment against Gateway for damages sustained by reason of Gateway's violations of ERISA, clarification of rights to future benefits under the Plan, plus interest, costs and attorneys' fees.

## COUNT II
## VIOLATION OF ERISA ¶ 502(a)(3)

25.    Plaintiffs incorporate each and every allegation of Paragraphs 1 through 24 above as if stated at length herein.

26. Plaintiffs assert this Count II for themselves and on behalf of the members of the Class.

27. Gateway had a duty to act solely in the interest of the Plan participants and their beneficiaries with the exclusive purpose of providing benefits to them.

28. Gateway had a duty of care to carry out its duties prudently.

29. Gateway had a duty to follow the Plan documents.

30. Gateway breached each of these three duties.

31. ERISA § 502(a)(3) authorizes a plan participant to bring a civil action for equitable relief.

32. Gateway, by reason of its conduct in withholding sums for insurance premium payments to Colonial, and failing to make premium payments to Colonial, violated ERISA, and Plaintiffs and the Class members are entitled to equitable relief.

33. Plaintiffs and members of the Class were damaged by loss of their coverage with Colonial, and Plaintiffs request that Gateway be ordered to restore the coverage they paid for, and make equitable restitution and disgorge sums improperly held by it.

WHEREFORE, Plaintiffs, on behalf of themselves and all member of the Class, request that the Court order Gateway to restore all coverages that were to be funded with the sums withheld from their wages, plus costs and attorneys' fees.

## COUNT III
## BREACH OF CONTRACT

34. Plaintiffs incorporate each and every allegation of Paragraphs 1 through 33 above as if stated at length herein.

35. Plaintiffs assert this Count One for themselves and on behalf of the members of the Class.

36. Plaintiffs and members of the Class seek damages based on Gateway's failure to pay the Colonial insurance premiums withheld from their wages.

37. Gateway agreed to make monthly premium payments to Colonial on behalf of Plaintiffs and members of the Class in the amount withheld from their wages.

38. Beginning in June 2016, Gateway failed to pay the premiums required to keep Plaintiffs' and the Class members' coverage in force.

39. Gateway breached its contract with Plaintiffs by failing to pay the monthly premiums to maintain Plaintiffs' coverage and that of the members of the Class.

40. As a result of Gateway's breach of contract, Plaintiffs and the members of the Class have suffered the loss of premiums already paid and the benefits due under their coverage.

WHEREFORE, Plaintiffs, on behalf of themselves and all member of the Class, demand judgment against Gateway for breach of contract in an amount to be proven at trial plus interest, costs and attorney's fees.

## COUNT IV
## BREACH OF FIDUCIARY DUTY

41. Plaintiffs incorporate each and every allegation of Paragraphs 1 through 40 above as if stated at length herein.

42. Plaintiffs assert this Count Two for themselves and on behalf of the members of the Class.

43. Gateway deducted from Plaintiffs' and the Class members' wages sums intended to pay insurance premiums for Plaintiffs.

44. Gateway owed Plaintiffs and the members of the Class a fiduciary duty in regard to the handling of the deducted sums.

45. Defendant breached its fiduciary duty by failing to pay Colonial the insurance premiums with the deducted sums, and by failing to notify Plaintiffs or the members of the Class that the premiums were not being paid.

WHEREFORE, Plaintiffs, on behalf of themselves and all member of the Class, demand judgment against Gateway for the damages resulting from its breach of fiduciary duty plus interest, costs, attorneys' fees, and punitive damages.

## COUNT V
## FRAUD AND MISREPRESENTATION

46. Plaintiffs incorporate each and every allegation of Paragraphs 1 through 45 above as if stated at length herein.

47. Plaintiffs assert this Count Three for themselves and on behalf of the members of the Class.

48. Gateway represented to Plaintiffs and members of the Class that it would forward payroll deductions in a timely manner to Colonial to maintain their insurance coverage.

49. Plaintiffs and the members of the Class justifiably relied upon the representations made by Gateway to make timely payments to Colonial.

50. Gateway made its representations with recklessness and indifference that it would maintain the insurance coverage, knowing that the payroll deductions would not be forwarded.

51. Gateway owed Plaintiffs a duty to forward the payroll deductions to Colonial to maintain the policies.

52. Gateway knew that Plaintiffs would rely upon its statements to make payroll deductions and forward them to Colonial for maintenance of the coverage at issue.

53. Plaintiffs have suffered injury due to their reliance on Gateway's fraudulent and reckless misrepresentations that it would forward the payroll deductions to Colonial.

WHEREFORE, Plaintiffs, on behalf of themselves and all member of the Class, demand judgment against Gateway for damages sustained as a result of Defendants' fraud and misrepresentation, plus interest, costs, attorneys' fees, and punitive damages.

## COUNT VI
## CONVERSION

54. Plaintiffs incorporate each and every allegation of Paragraphs 1 through 53 above as if stated at length herein.

55. Plaintiffs assert this Count Four for themselves and on behalf of the members of the Class.

56. Gateway knowingly and intentionally converted payroll deductions from Plaintiffs' and Class members' wages to their own account.

57. Plaintiffs and the Class members had the sole right to the benefit of the payroll deductions.

58. Gateway did not have consent to withhold the payroll deductions without promptly forwarding them to Colonial.

59. Plaintiffs and members of the Class were deprived of their rights to this property, specifically, the payroll deductions, and were deprived of the benefits under their insurance due to Gateway's conversion.

WHEREFORE, Plaintiffs, on behalf of themselves and all member of the Class, demand judgment against Gateway for conversion in an amount to be proven at trial plus interest, costs, attorneys' fees, and punitive damages.

## COUNT VII
## UNJUST ENRICHMENT

60. Plaintiffs incorporate each and every allegation of Paragraphs 1 through 59 above as if stated at length herein.

61. Plaintiffs assert this Count Five for themselves and on behalf of the members of the Class.

62. Gateway was unjustly enriched by the benefit of the sums deducted from Plaintiffs' and Class members' wages without forwarding those sums to Colonial.

63. It would be inequitable for Gateway to retain Plaintiffs' and the Class members' pay deductions that were intended for premium payments.

64. It is fair and equitable for Defendants to bear the burden of its misconduct and responsibilities for failure to make the premium payments.

WHEREFORE, Plaintiffs, on behalf of themselves and all member of the Class, demand judgment against Gateway for unjust enrichment, plus interest, costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. That this Court certify this action as a class under Rule 23(b)(1), 23(b)(2) and 23(b)(3);

B. That this Court declare that Gateway has violated the duties, responsibilities and obligations imposed upon it by ERISA;

C. That this Court declare that Gateway is liable for breach of contract, fraud and misrepresentation, conversion, and unjust enrichment;

D. That this Court order Gateway to restore to Plaintiffs and each member of the Class the amount of money it withheld for premiums that were never paid;

E. That this Court award to Plaintiffs and each member of the Class reasonable costs and attorneys' fees; and

F. That this Court grant such other relief as may be just and proper.

G. Damages for healthcare costs not covered because of lack of payment of premiums.

## JURY DEMAND

Plaintiffs and each member of the Class hereby demand trial by jury as to all issues so triable.

WHITE AND WILLIAMS LLP

BY:   /s/ Michael N. Onufrak
Michael N. Onufrak
The Legal Center
One Riverfront Plaza
1037 Raymond Blvd., Suite 230
Newark, NJ  07102-5425
Phone: 201-368-7200
Attorneys for Plaintiffs
Renee Banks and Lakeesha Paylor, on behalf of themselves and all others similarly situated

Dated: August 16, 2017

19194056v.1